# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                    Plaintiff,

v.

NURSE PAMELA J. DOBBINS,

                    Defendant.

Case No. 22-CV-468-JPS

**ORDER**

Plaintiff Sonniel R. Gidarisingh, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendant violated his Eighth Amendment right to adequate medical care and intentionally inflicted emotional distress on him. ECF No. 1. Plaintiff paid the filing fee in its entirety on April 26, 2022. This Order screens Plaintiff's complaint.

**1.     SCREENING THE COMPLAINT**

    **1.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017)

(citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff's allegations involve his medical treatment, or lack thereof, at Waupun Correctional Institution ("WCI") following his hernia surgery on September 23, 2021. ECF No. 1 at 3. Plaintiff had surgery outside the prison and the UW-Madison hospital. *Id.* Plaintiff and his security officers talked to the nurse at the hospital about the post-surgery medication he was to receive. *Id.* at 4. Plaintiff experienced extreme pain as a result of the surgery during his transport back to WCI. *Id.* Upon arrival, Plaintiff could not walk due to his excruciating pain and his escort guards had to assist

him. *Id.* at 5. Security ordered the health service staff ("HSU") to come assess Plaintiff due to his conditions. *Id.*

At approximately 3:10 p.m., Defendant Nurse Pamela J. Dobbins ("Dobbins") came to see Plaintiff. *Id.* While Dobbins performed a COVID-19 assessment on Plaintiff, Plaintiff told her that he was experiencing excruciating pain from his incision. *Id.* at 6. Plaintiff expressed that his pain level was a ten out of ten, that he was sweating profusely, and that he was having trouble walking. *Id.* Plaintiff requested to receive his post-surgery medication; Dobbins did not respond. *Id.*

Plaintiff then asked that his post-surgery medication be delivered to his cell because he was having difficulty walking. *Id.* Dobbins immediately became argumentative and told Plaintiff he would have to walk to get the medication. *Id.* She also said that Plaintiff would be removed from his single cell to a lower tier. *Id.* Plaintiff responded that he did not want to be moved because he feared assault from a cellmate due to his incapacitation. *Id.* at 7.

Dobbins then pulled out a "Refusal of Recommended Health Care" form and demanded that Plaintiff sign it. *Id.* Dobbins had a nearby correctional officer (who did not observe the conversation) sign the form. *Id.* Plaintiff responded that he was not refusing any treatment. *Id.* at 8. Dobbins immediately left and did not order a wheelchair to take Plaintiff back to his cell, forcing Plaintiff to walk. *Id.*

Plaintiff contacted HSU staff, including Dobbins, for hours requesting his post-surgery pain medication. *Id.* at 10-11. Finally, around 8:40 p.m., Plaintiff received his pain medication after waiting approximately five and a half hours. *Id.* at 11. Plaintiff alleges Dobbins falsified her assessment progress notes in his medical record to cover up her misconduct. *Id.* Dobbins knew of Plaintiff's surgery, intentionally

Page 3 of 8
Case 2:22-cv-00468-JPS   Filed 10/20/22   Page 3 of 8   Document 9

denied and delayed Plaintiff's pain medication, and subjected him to unnecessary physical and mental pain. *Id.* at 12.

### 1.3 Analysis

First, Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Dobbins for her indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable " 'depends on the seriousness of the condition and the ease of providing treatment.' " *Id.* (quoting *McGowan*, 612 F.3d at 640).

Plaintiff alleges that he has suffered excruciating pain following a surgical procedure and Dobbins denied him pain medication. Upon Plaintiff telling her that his pain level was a ten out of ten, Dobbins falsely filled out a form indicating Plaintiff refused treatment and sent him away

with no relief. Plaintiff alleges that Dobbins's actions delayed his pain medication for over five and a half hours. At the pleading stage, the Court finds that Plaintiff's allegations sufficiently state an Eighth Amendment deliberate indifference claim to a serious medical need against Dobbins.

Second, Plaintiff alleges a state law claim for the intentional infliction of emotional distress. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). For intentional infliction of emotional distress, a plaintiff must plead that the "defendant's conduct was so egregious that the average member of the community would regard the acts forming the basis for the claim as being a complete denial of the plaintiff's dignity as a person." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir. 1991). Plaintiff alleges that he told Dobbins that his pain level was ten out of ten and she denied his pain medication. ECF No. 1 at 6. He additionally alleges extreme emotional injury as a result of his past injuries from a machete and getting shot. *Id.* at 10. Unlike an ordinary citizen, a prisoner may be particularly susceptible to emotional distress based on the withholding of certain medical care because he has no other way to secure treatment for himself other than thru internal medical staff. Construing the facts in the light most favorable to Plaintiff, the Court finds that complaint pleads conduct that, if true, is so egregious that it may form the basis of a claim for the intentional infliction of emotional distress. As such, the Court will allow Plaintiff to proceed on a claim against Dobbins for the intentional infliction of emotional distress.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate indifference to a serious medical need against Dobbins.

**Claim Two:** State law claim for the intentional infliction of emotional distress against Dobbins.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, she is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **DOBBINS**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed.

Defendant should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 8
Case 2:22-cv-00468-JPS   Filed 10/20/22   Page 7 of 8   Document 9

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.