# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                        Plaintiff,

v.

NURSE PAMELA J. DOBBINS,

                        Defendant.

Case No. 22-CV-468-JPS

**ORDER**

      Plaintiff Sonniel R. Gidarisingh, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Pamela Dobbins violated his Eighth Amendment and state-law rights. ECF No. 1. This case proceeds on the following three claims against Defendant: (1) Eighth Amendment deliberate indifference to a serious medical need; (2) State-law claim for the intentional infliction of emotional distress; and (3) State-law negligence. ECF No. 11 at 2. On January 4, 2023, the Court issued a scheduling order. ECF No. 20. Pending before the Court are various motions which require resolution before this case can proceed. The Court addresses the motions in the order the makes most sense for clarification of the issues going forward.

      First, the Court addresses Plaintiff's motion for sanctions, ECF No. 70, and Defendant's motion to amend/correct response to Plaintiff's first request for admissions, ECF No. 71, together because the issues present are intertwined. Plaintiff filed a brief in opposition to Defendant's motion to amend/alter, ECF No. 74, and two subsequent letters, ECF No. 75, 76. On July 18, 2024, Defendant filed a motion to extend time to file a response to

the motion for sanctions, ECF No. 77, along with the brief in response, ECF No. 78.

The Court will deny Defendant's motion for an extension of time. Defendant's motion and response comes over three weeks after the deadline expired. When a party files a motion for an extension of time *after* the deadline has already passed, Federal Rule of Civil Procedure 6 provides that a party must show they failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has described the determination of excusable neglect as "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts should consider factors such as the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* Here, Defense counsel not understanding the rules regarding briefing schedules does meet the standard for excusable neglect, nor does having other work obligations. *See* ECF No. 77. In any event, as discussed below, Defendant will not be prejudiced in any way given the fact that the Court is denying the motion for sanctions without relying on the opposition brief. As such, the motion to extend time will be denied and there is therefore no need to wait for a reply brief.

Plaintiff's motion seeks default judgment as a sanction for Defendant allegedly committing fraud upon the Court and for submitting lies and perjury in the summary judgment motion and discovery. Plaintiff provides four allegedly false statements from Defendant: (1) "Mr. Gidarisingh refused his assignment to the lower tier, lower bunk against both Dr. Jean

Pierre's recommendations and WCI policy"; (2) "Mr. Gidarisingh's refusal to cooperate was exacerbated when his medication was misplaced for a short time by the security staff"; (3) Because Mr. Gidarisingh's medication had been misplaced in an 'unmarked non-discript [sic] cardboard box inside the medication room of the Health Service Unit – a location they k̶n̶e̶w̶ would not normally be placed'"; and (4) "Plaintiff was not prescribed post surgery narcotics pain medication to be taken at WCI…."ECF No. 70 at 3.

Defendant, in return, filed her own motion to amend her admissions responses, pursuant to Federal Rule of Civil Procedure 36(b). ECF No. 71. Defendant acknowledges both parties agree that Plaintiff was prescribed post-surgery narcotic medications to manage pain during recovery from his inguinal hernia repair. *Id.* at 2. Defendant explains that former defense counsel, on October 16, 2023, mistakenly amended previous responses to Plaintiff's "First Set of RFAs to include the following, inaccurate affirmative statement to RFA Nos. 21, 23, 24, 25, 26, 28, 29, 30, and 31: 'Affirmatively respond that the plaintiff was not prescribed post-surgery narcotic pain medication to be taken at W.C.I.'" ECF No. 71 at 2–3. Current defense counsel is "not able to determine why the responses were phrased as they were." *Id.* at 3.

Under Rule 36(b), "[a] matter admitted … is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The rule states that the court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Defendant argues that allowing the amendments promotes the presentation of the merits on this case. Defendant does not dispute that Plaintiff was prescribed medicine that should have been administered, if necessary, for his pain and would have been administered if not misplaced. Defendant has consistently maintained that Plaintiff was prescribed the medication in her filings with the Court. ECF No. 71 at 3 (citing ECF 49 at ¶¶ 15, 16, and 22). Defendant claims she did not argue contrary to this fact in her dispositive motion. Defendant further argues that allowing the amendment will not prejudice Plaintiff because he has not relied on the mistaken admission.

The Court will grant Defendant's motion to amend her admissions because doing so will promote the presentation of the merits and will not unduly prejudice Plaintiff. The Court agrees with Defendant that it does not appear she argued contrary to the mistaken admission in her summary judgment submissions, and, without more, the Court cannot determine that the mistaken admission was intentionally made. Defendant mentions Plaintiff being prescribed post-surgical medication in her declaration, brief in support of summary judgment, and statement of facts. ECF No. 49 at 3, ECF No. 45 at 2, ECF No. 46 at 1. Plaintiff maintains that he will be prejudiced by allowing the amendment because he relied on the admissions in his opposition to summary judgment and motion for sanctions. The Court partially agrees with Plaintiff in that his summary judgment opposition is rife with argument regarding Defendant's 'lies' in her admissions. However, it is unclear why he made these arguments in light of the fact that Defendant's summary judgment materials provided that he was in fact prescribed post-surgical medication. As such, the Court does not find that Plaintiff will be prejudiced by allowing the amendment.

In the interest of fairness to both sides, however, the Court finds it necessary to deny Defendant's motion for summary judgment, without prejudice, and allow the parties to submit renewed motions based on the amended discovery if applicable. *See Est. of SF v. Fla. Dep't of Child. & Fams.*, No. 4:22CV278-MW/MAF, 2023 WL 11760561, at *4 (N.D. Fla. Dec. 14, 2023) ("This remedy balances Rule 36(b)'s preference for permitting admissions to be amended so cases are resolved on the merits with mitigating prejudice to Plaintiff."). Any motions for summary judgment must be filed on or before **September 20, 2024.** No new legal arguments, absent a need to alter arguments based on the 'new' evidence, may be raised in any renewed summary judgment motions. At the end of the case, the Court will entertain motions to determine whether Plaintiff is entitled to reasonable costs for any renewed summary judgment materials. *See id.*

Having disposed of the alleged lies in Defendant's admissions, the Court does not find that Plaintiff has shown that Defendant intentionally lied about any other statements to warrant sanctions. As such, it will deny Plaintiff's motion for sanctions. Plaintiff counters Defendant's factual statements with his own affidavit and maintains Defendant is lying to cover up her deliberate indifference. While this *may* be true, Plaintiff's assertions alone, however, do not prove anything at this stage in the proceedings. Instead, they suggest only that disputed issues of fact may exist, and that summary judgment may not be appropriate. If this case proceeds to trial, credibility determinations will be made by the jury and not the Court. Plaintiff has not met his burden to show that sanctions are warranted, especially the incredibly harsh sanction of default judgment. As such, the Court will therefore deny Plaintiff's motion for sanctions.

Second, the Court will deny Plaintiff's motion for a subpoena and motion for an extension of time, ECF No. 53. Plaintiff's motion for an extension of time is moot because he filed his opposition to summary judgment shortly thereafter and the Court considered it. As to the subpoena, it is not clear what relief Plaintiff seeks from the Court. A party may seek to compel a non-party to provide requested documents by serving that person with a subpoena. Fed. R. Civ. P. 45. A person wishing to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. P. 45(a)(3). The requesting party must then complete the form and make arrangements and pay to serve the subpoena on the individuals from whom he wants to obtain the documents. Fed. R. Civ. P. 45(b). Given the associated costs and procedures, incarcerated plaintiffs rarely rely on subpoenas to collect the information they need to prosecute their cases. Instead, they rely on the discovery process by serving interrogatories and requests for production of documents. *See* Fed. R. Civ. P. 33 and 34. After extending the deadline, discovery in this case closed on October 12, 2023. ECF No. 38. Nearly two months later, Plaintiff filed his motion for a subpoena. As such, the Court is obliged to deny Plaintiff's motion for a subpoena.

Third, the Court will deny Defendant's motion to restrict, ECF No. 44. Under General Local Rule 79(d), "[a]ny motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." Gen. L.R. 79(d)(3). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re*

*Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This presumption supports public confidence in the judiciary by enabling oversight and facilitating the understanding of judicial decisions. *See Gonzales v. Home Nursery Inc.*, No. 14-cv-1140-MJR-DGW, 2016 WL 6705447, at *1 (S.D. Ill. Sept. 22, 2016) (citing *Goessel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013)).

Public interest in the judicial process, however, can be overridden if the movant demonstrates "good cause for sealing a part or the whole of the record[.]" *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The Seventh Circuit has "insisted that litigation [is to] be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F. 3d 346, 348 (7th Cir. 2006), abrogated on other grounds by *RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). Thus, "[e]ven in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have opted for redacting instead of sealing the order or opinion." *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020).

Here, Defendant seeks to restrict access to all documents relating to summary judgment, ECF Nos. 45, 46, 47, 48, 49. Defendant provides that these documents include or *may* include private health information or discussion, citations, and direct quotations from Plaintiff's confidential medical records. ECF No. 49. It does not appear that Plaintiff has opposed Defendant's motion.

The Court will deny Defendant's motion to restrict. To begin, Defendant has made zero effort, without any explanation, to limit the

amount of private information through redaction.[1] Defendant's contention that some of the documents only *may* contain confidential information shows the issue with her broad request. Additionally, the fact alone that many of the documents reference Plaintiff's medical history is unpersuasive to shield them from public view. "Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." *Brown v. Picknell*, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019). Certainly, the need to protect Plaintiff's medical records that are unrelated to the issues of this case may be good cause to limit specific records; however, Defendant has made no effort to limit the amount of information kept from the public. As such, the Court is obliged to deny Defendant's motion to restrict. In order to give Defendant the opportunity to refile the documents and to seek limited redactions as needed, and to avoid disclosure of actual confidential information, the Court will instruct the Clerk of Court to strike the documents and to restrict public access.

Finally, the Court will deny Plaintiff's renewed motion to appoint counsel. ECF No. 64. As a civil litigant, Plaintiff has "neither a constitutional

---

[1]The committee comment to General Local Rule 79 provides the following:

> The motion to seal filed in accordance with General Local Rule 79(d) should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document.

nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

Here, the Court has already thoroughly analyzed Plaintiff's earlier request for counsel, ECF No. 38, and his current motion does not change that analysis. As seen in this order, Plaintiff has successfully litigated complicated issues and has made his positions clear to the Court. As such the Court is obliged to deny his request at this time. The Court notes that if this case survives summary judgment, the Court will consider appointing counsel to address Plaintiff's concerns regarding the ability for a jury to understand him.

In sum, this case is in need of a refresh and the Court's Order today seeks to clarify the issues going forward. The Court does not force parties to mediate and takes no position on the merits of the case at this juncture. However, given the various issues and potential factual disputes, the parties may wish to make use of the excellent mediation services provided by the magistrate judges in this district. If, and only if, jointly requested, the Court would refer this case to a magistrate judge for the purposes of mediation.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment, ECF No. 42, be and the same is hereby **DENIED without prejudice**; the parties may resubmit motions for summary judgment in accordance with this Order on or before **September 20, 2024**;

**IT IS FURTHER ORDERED** that Defendant's motion to restrict documents, ECF No. 44, be and the same is hereby **DENIED**; the Clerk of Court is instructed to **STRIKE** ECF Nos. 45, 46, 47, 48, 49 and to restrict public access to these documents;

**IT IS FURTHER ORDERED** that Plaintiff's motion for subpoena and motion for an extension of time, ECF No. 53, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 64, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions, ECF No. 70, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of time, ECF No. 77, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion to amend/correct response to Plaintiff's first request for admissions, ECF No. 71, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge