# EASTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,

                Plaintiff,

v.

NURSE PAMELA J. DOBBINS,

                Defendant.

Case No. 22-CV-468-JPS

**TRIAL SCHEDULING ORDER**

    This case proceeds on the following three claims against Defendant: (1) Eighth Amendment deliberate indifference to a serious medical need; (2) state-law intentional infliction of emotional distress; and (3) state-law negligence. ECF No. 11 at 2. On May 15, 2025, the Court denied Defendant's motion for summary judgment. ECF No. 111.

    Accordingly, the following proceedings have been scheduled before the Honorable J.P. Stadtmueller in the United States District Court for the Eastern District of Wisconsin, Room 425 United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202:

    **FINAL PRETRIAL**
    **CONFERENCE:**    Tuesday, July 22, 2025 at 8:30 AM

    **JURY TRIAL:**    Monday, August 4, 2025 at 8:30 AM

Consistent with Rule 1 of the Federal Rules of Civil Procedure and to ensure the timely disposition of this case, **the deadlines set forth herein are firm and will not be moved for any reason**.

    Counsel for the plaintiff is directed to notify his client of the date and time of the above scheduled court proceedings. It is the responsibility of the plaintiff's attorney, in consultation with the defendant's attorney and state

and federal authorities, including the Wisconsin Department of Corrections, to ascertain the custodial status of the plaintiff and take all appropriate measures, including timely application for a writ of habeas corpus ad testificandum, to ensure the plaintiff's presence. If the plaintiff is proceeding pro se, counsel for the defendant are required to take all appropriate measures to ensure the plaintiff's attendance at both the final pretrial conference and trial.

**IT IS ORDERED** that counsel and the parties confer forthwith to address the substantial work necessary for the orderly preparation of the case for trial, including the preparation of a comprehensive pretrial report. Toward that end, the individuals who will actually try this case must meet and confer in person with the goal of jointly preparing a single final pretrial report, the principal burden for the filing of which rests with counsel for the plaintiff.[1] If, however, the plaintiff is proceeding pro se, then defense counsel is responsible for filing the report electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of the report. The Court further requires that the principal attorney for each party—or the party himself if not represented by counsel—attend the final pretrial conference in person.

Consistent with the facts and law applicable to the case, the report must separately address each of the nine (9) enumerated items found in Civil L. R. 16(c)(1). A copy of Civil Local Rule 16 (E.D. Wis.) is included with

---

[1]If a prisoner plaintiff is proceeding pro se, the Court will allow the parties to meet and confer through a video conference, if available at the facility, or alternatively through a telephone call. The Court strongly urges defense counsel, however, to meet and confer with the plaintiff in person whenever feasible. This option is applicable to all in person meet-and-confer requirements referenced in the remainder of this Order.

Page 2 of 9
Case 2:22-cv-00468-JPS   Filed 05/15/25   Page 2 of 9   Document 112

this order. The final pretrial report must be electronically filed no later than **2:00 PM on Wednesday, July 16, 2025**. In addition, a hard copy of the report bearing the original inked signatures of the individuals who will actually try the case must be delivered to the Court's chambers, along with three (3) USB thumb drives, each containing a complete, consolidated set of the parties' exhibits (to the extent they may be scanned or are available in an electronic format), including all documents and a photograph of each physical exhibit. The documents included on the thumb drives must be text-searchable. The signed pretrial report and thumb drives must also be delivered to the Court's chambers by **2:00 PM on Wednesday, July 16, 2025**.

In preparing the final pretrial report, counsel and the parties should carefully read and study with care each of the following eleven (11) mandatory requirements:

1. The trial in this matter may not exceed three days.
2. All exhibits must be marked and sequentially numbered in accordance with the procedure outlined in General L.R. 26. All exhibits must be disclosed, either in paper or electronic format, to the opposing party prior to the final pretrial conference. Given that the parties must produce their exhibits to the Court in electronic format, the Court encourages the parties to utilize electronic transfer for their own exchange whenever possible. If an identical exhibit is to be used jointly by the parties during the course of trial, the exhibit should only be marked once, whether by the plaintiff or the defendant, and introduced into evidence once, whether by one party or jointly. Further, the parties must jointly prepare a single exhibit list. This exhibit list should be prepared using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The plaintiff's exhibits should be listed first, in numerical order, followed immediately by the defendant's exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is

electronically filed. Copies of General Local Rule 26 (E.D. Wis.) and Exhibit and Witness List (AO-187) are included with this Order.

3. In designating an exhibit for trial, the designating party must have a good-faith basis to believe the exhibit will actually be necessary for use at trial.

4. For represented parties, save for essential physical exhibits, all evidence is to be presented in an electronic format. The parties should be mindful of this requirement during the discovery process. After the final pretrial conference is concluded, the Court's information technology staff can provide a tutorial on interfacing with the Court's electronic presentation system. Counsel should nevertheless bring a single copy of each exhibit for the Court to provide to the jury for its deliberations (if necessary). Pro se litigants should discuss with opposing counsel the possibility of utilizing their electronic exhibit presentation system (i.e., having opposing counsel put exhibits on the screen as needed during the pro se litigant's examination of a witness). Counsel for the defendant are instructed to aid a pro se plaintiff with the use of electronic exhibits, whenever possible. Otherwise, pro se litigants are permitted to use paper exhibits.

5. A brief summary of the elements underlying each claim and defense to be adjudicated must be included in the final pretrial report and inserted immediately preceding the parties' joint proposed jury instructions.

6. Each of the parties' agreed proposed jury instructions as well as the proposed verdict form must be appropriately tailored to the facts and law applicable to the case. Therefore, each proposed instruction as well as the verdict form must be edited and formatted precisely as the parties would expect the instruction(s) and verdict to be submitted to the jury. Simple citations to form book instructions or verdict questions without more is wholly unacceptable. This branch of the Court has a longstanding policy of utilizing the Federal Civil Jury Instructions of the Seventh Circuit, to the extent they are applicable to the facts and legal issues attendant to the parties' claims and defenses. If no Seventh Circuit instruction addresses the relevant issues, the Court generally relies on secondary authority, including

O'Malley's Federal Jury Practice and Instructions, and Matthew Bender's Modern Federal Jury Instructions.

7. In the event the parties are unable to agree upon a particular instruction or question in the verdict form in its entirety, the parties must include the separate proposed instruction(s) and/or verdict question(s) as part of the final pretrial report submissions. At the same time, each separately proposed instruction or proposed verdict question must be supported by a memorandum of law and, if appropriate, an offer of proof prepared by the party proposing the instruction and/or verdict question. The final pretrial report must also include a memorandum of law and, if appropriate, an offer of proof prepared by the party opposing the particular instruction and/or verdict question. To be clear, absolutely all briefing both in support of and in opposition to a proposed instruction or verdict question must be included in the final pretrial report. In accordance with Civil L.R. 7(d), failure to file a memorandum in opposition to a particular instruction or verdict question will be deemed by the Court to be sufficient cause to grant the requested instruction or verdict question. A copy of Civil Local Rule 7 (E.D. Wis.) is included with this Order. The Court contemplates that the joint drafting process for the instructions and verdict form, like the rest of the final pretrial report, will be conducted by the parties in person so that their differences on the instructions and verdict form may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

8. Absent exceptional circumstances, motions in limine must be filed on or before **Friday, July 11, 2025**. Each motion should consist of one jointly drafted document signed by both parties. The motion should begin with a statement of the issue presented and a brief, neutral recitation of the relevant facts. The movant should then offer its arguments in favor of the motion, followed by the non-movant's responses thereto. The Court contemplates that this joint drafting process will be conducted in person so that the parties' differences on the subjects of the motions may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

9. All Rule 702 motions must be filed on or before **Friday, July 11, 2025**. Each motion should be accompanied by a brief supporting memorandum of law. Responses to any such motions must be filed within seven (7) days. No reply briefs are permitted. As with the motions in limine, the Court expects that the parties will confer in person prior to the filing of 702 motions and fully explore their respective positions, so that the motions themselves will focus only on the precise areas of disagreement.

10. The parties have an obligation to discuss the anticipated filing of pretrial motions directly with each other, as more often than not such matters are best resolved informally with open communications between the parties without the necessity of court intervention. The Court notes that to discuss requires actual discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing parties. Therefore, when filed, all pretrial motions must include a separate certification[2] prepared by the movant stating that, after personal consultation with the party opposed to the motion, and sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the Court expects the parties to confer several times and document those conferences before raising a pretrial motion before the Court. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the motion.

11. With regard to memoranda of law submitted to the Court in reference to disputed jury instructions or verdict questions, or a pretrial motion, the Court makes the following suggestions which will serve to aid the Court in efficiently addressing such matters:

    a. If the parties intend to file deposition testimony, the parties should e-file a single transcript of the deposition testimony of each witness upon which they intend to rely. Any party citing to a given deponent's testimony should cite only to the docket entry containing said deponent's testimony, enabling the

---

[2]The certification that must be filed with a pretrial motion must be docketed as a separate docket entry and should not be hidden within a motion or a brief.

Court to easily locate that deposition, instead of engaging in an archeological dig to locate the source from which the specific excerpt may have been drawn.

b. Any exhibit or report submitted in support of or in opposition to a party's position should be e-filed in its entirety in a single entry, and any party citing to an exhibit or report should cite only to the one entry containing said report.

c. All parties should agree on a given citation system. No party should refer to a document by a different moniker than that by which the other parties refer to the same document. The Court strongly encourages the parties to include the docket number (and, if applicable, exhibit letter/number) of documents cited in their submissions. The Court also encourages the parties, if they are filing numerous exhibits as attachments to their motions, to include an index attached to the motion that notes the title of the exhibits that follow. When viewing the electronic docket, it should be obvious which documents are responsive (or in support of) another document, as well as the identity of such other document.

d. All documents submitted to the Court electronically should be in an electronically searchable format. If any documents are filed under seal, a thumb drive containing electronically searchable PDF versions of the files should be provided to the Clerk's office so that the Court will have access to all the documents, including those filed under seal, in an electronically searchable format.

e. The parties shall not deliver additional courtesy copies of submissions to the Judge's chambers unless specifically directed to do so in accordance with the terms of this order.

As the parties and counsel endeavor to complete their work associated with the preparation of the final pretrial report, they are expected to confer in a candid, open manner, and make a good faith effort toward settlement of the case in its entirety, and should they be unable to fully settle their differences, agree upon stipulations of ultimate fact or

otherwise narrow the issues that, in the end, will aid the Court in conserving its limited resources.

In recognition of the Court's limited resources, and an ever-burgeoning case load assigned to this branch of the Court, together with the continued escalating costs associated with litigation generally, the Court reminds counsel and the parties to seriously undertake all appropriate measures including utilization of the services of a randomly assigned magistrate judge, or another outside third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and the parties wish to avail themselves of the services of a randomly assigned magistrate judge, immediate steps must be taken to jointly request that the Court make the necessary referral.

The Court will further direct that counsel for the plaintiff file under seal with the Court a final settlement report generally summarizing any progress made as of the report due date, including the date(s) the parties actually met and conferred. If, however, the plaintiff is proceeding pro se, then defense counsel is responsible for filing this report electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of the report. The final settlement report must be filed under seal on or before **Monday, July 7, 2025**. Such reports shall be filed using a case participant only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the settlement reports is necessary. The Court preemptively warns the parties that it will not stay the trial or other deadlines herein while the parties explore settlement in this matter.

Finally, the Court readily acknowledges and well appreciates the fact that in this branch preparation of the final pretrial report requires a

substantial commitment of time and resources, and the parties ought not treat the Court's directives lightly for in the final analysis adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge